```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                    :
JOSE A. SANCHEZ,                    :
                                    :
            Petitioner,             :    Civ. No. 17-7732 (NLH)
                                    :
      v.                            :    OPINION
                                    :
WARDEN KAREN TAYLOR,                :
                                    :
            Respondent.             :
_____ :

APPEARANCES:
Jose A. Sanchez
4322085
Camden County Correctional Facility
P.O. Box 90431
Camden, NJ 08103
      Petitioner Pro se


HILLMAN, District Judge

    Petitioner Jose A. Sanchez, a pre-trial detainee currently being held at Camden County Correctional Facility in Camden, New Jersey, files this writ of habeas corpus under 28 U.S.C. § 2241, seeking release and dismissal of the charges pending against him in state court.  (ECF No. 1.)

    The filing fee for a petition for writ of habeas corpus is $5.00.  Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing.  Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas and seeks to

proceed in forma pauperis, that petitioner must submit (a) an affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoners institutional account during the six-month period prior to the date of the certification.  If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis.  L. Civ. R. 81.2(c).

Here, Petitioner did not prepay the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), nor did Petitioner submit a complete application for leave to proceed in forma pauperis.  Specifically, while he provided a copy of his inmate account statement, he failed to submit the required account certification from a prison official.  L. Civ. Rule 81.2(b).

## CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action without prejudice.[1]  Petitioner will be granted leave to apply to re-open

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-

within 45 days, by either prepaying the filing fee or submitting a complete application for leave to proceed in forma pauperis.

An appropriate Order will be entered.

Dated: October 3, 2017            s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.

---

opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).

3