UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
JOSE A. SANCHEZ,                    :
                                    :   Civ. Action No. 17-7732 (NLH)
            Petitioner,             :
                                    :
       v.                           :
                                    :   MEMORANDUM OPINION
KAREN TAYLOR and THE ATTORNEY       :
GENERAL OF THE STATE OF NEW         :
JERSEY,                             :
                                    :
            Respondents.            :
_____ :

IT APPEARING THAT:

1. Petitioner has filed a Petition for a Writ of Habeas Corpus before this Court. ECF No. 1. The Petition does not specify under which statute the Petition is brought. The Court construes it as pursuant to 28 U.S.C. § 2241 because Petitioner is a state pre-trial detainee. See Moore v. De Young, 515 F.2d 437, 442 (3d Cir. 1975) (noting jurisdiction over pre-trial state detainees pursuant to § 2241).

2. The Petition is presently before the Court in accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b), to determine whether dismissal prior to submission of an answer is warranted. See also Lonchar v. Thomas, 517 U.S. 314, 320 (1996) ("[A] district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the

petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]").

3. In the Petition, Petitioner alleges that the following federal rights have been violated: the Sixth Amendment rights to a speedy trial, to confront accusers, and to effective assistance of counsel; and the Fourteenth Amendment rights to due process and equal protection. ECF No. 1, ¶ 1(B)-(F).

4. The sort of conduct about which Petitioner complains includes failure to formally arraign him, lack of formal notice of the charges against him, failure to fingerprint Petitioner or otherwise ascertain his identity, lack of discovery and disclosure in his criminal case, continued pre-trial detention for over fifteen months without trial, continual rescheduling of court appearances, failure of his defense counsel to file warranted motions that would secure his release from detention, and the fact that his alleged victim has recanted. ECF No. 1, ¶¶ 6-11, 14.

5. "[S]ection 2241 authorizes a federal court to issue a writ of habeas corpus to any pre-trial detainee who is in custody in violation of the Constitution or laws or treaties of the United States. Duran v. Thomas, 393 F. App'x 3, 4 (3d Cir. 2010)). The petitioner, however, must first exhaust his state court remedies or otherwise allege extraordinary circumstances.

Id. at 4.  This is necessary to prevent "'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes'" as well as attempts "'to litigate constitutional defenses prematurely in federal court.'"  Id. (quoting Moore, 515 F.2d at 445-46).

6.  Generally, the proper procedure for Petitioner is to exhaust his constitutional claims before all three levels of the New Jersey courts and, if he is unsuccessful, to thereafter present them to this Court in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  See Moore, 515 F.2d at 449.

7.  Upon careful review, this Court finds that Petitioner has failed to include allegations either outlining his attempts to exhaust the claims raised in his Petition or demonstrating extraordinary circumstances.  Petitioner is not entitled to a pre-trial writ of habeas corpus without demonstrating either exhaustion or extraordinary circumstances, and this Court will dismiss the Petition without prejudice for this reason.  See Duran v. Thomas, 393 F. App'x 3 (3d Cir. 2010) (affirming dismissal of § 2241 petition alleging that petitioner was subjected to warrantless arrest, was detained without probable cause hearing, and that state court had imposed excessive bail).

8. Pursuant to Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002), the Court will grant Petitioner leave to file an amended petition to address the above pleading deficiencies.

9. An appropriate order follows.


Dated: January 24, 2018          s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.